555 So.2d 437 (1990)
Miguel Angel FERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-745.
District Court of Appeal of Florida, Third District.
January 16, 1990.
*438 Peter Raben, Coconut Grove, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant, Miguel Angel Fernandez, appeals from a final judgment of conviction and sentence of life imprisonment for burglary of a structure with an assault or battery with a firearm, robbery with a firearm, and kidnapping with a firearm. We affirm the judgment of conviction. However, because the trial court erred in applying the sentencing guidelines, we remand for resentencing within the guidelines range.
First, we hold that the trial court did not err in excluding as hearsay two out-of-court statements relating to defendant's alibi defense. No offer of proof was made to indicate what the excluded evidence would have revealed. The Florida Evidence Code, Section 90.104(1)(b), Florida Statutes, provides:
(1) A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
* * * * * *
(b) When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked.
"It is axiomatic that failure to proffer what the excluded evidence would have revealed precludes appellate consideration of the alleged error." A.McD. v. State, 422 So.2d 336, 337 Fla. 3d DCA 1982) (citations omitted). Although we assume that the testimony would have been favorable to the defendant, we cannot speculate as to what that testimony would have been. See A.McD., 422 So.2d at 336. ("The bare question, `Have you ever been subject to any disciplinary investigations?' provides no insight as to its relevancy."); Woodson *439 v. State, 483 So.2d 858, 859 (Fla. 5th DCA 1986) ("The witness' response was not `apparent' from the context of the question.")
The absence of proffer in the present case precludes our review of the alleged error. Because Fernandez does not contend that the answers sought from Officer Vermillion were also inherent in the questions asked, the absence of proffer precludes our review of that alleged error as well.
Second, no error occurred when John Kastrenakas, the former prosecutor on the case, was called by the state as a rebuttal witness to impeach the testimony of a defense witness in this case. In State v. Clausell, 474 So.2d 1189, 1191 (Fla. 1985), the Florida supreme court held that "there is no inherent right to disqualification when a member of the state attorney's office is called as a witness in a case[.]" Only if actual prejudice can be shown should a motion for disqualification be granted. Id.; Meggs v. McClure, 538 So.2d 518 (Fla. 1st DCA 1989) (even where the state attorney may be involved at some point in the prosecution, he may not be disqualified absent a showing of actual prejudice). Nothing in the record before us shows that Fernandez suffered actual prejudice sufficient to warrant disqualification of this witness. Moreover, Fernandez failed to object to any of Mr. Kastrenakas's answers or to request a curative instruction. Where no prejudice occurred, as here, any alleged error was not preserved for appeal.
Third, we hold that the evidence was sufficient to support the convictions for kidnapping. Contrary to defendant's assertion, those convictions were not incident to and indistinguishable from the contemporaneous crime of robbery. See Sanborn v. State, 513 So.2d 1380 (Fla. 3d DCA 1987) (confinement was not "slight, inconsequential and merely incidental," where the victims were tied up and injured on their bed); Lamarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987) (movement of victim from sink area to last stall in women's restroom was not incidental to sexual battery, was not necessary to battery, and reduced risk of detention, and thus was sufficient movement to constitute kidnapping); Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982) (defendant's act of tying victims to facilitate escape following robbery of restaurant and lessen the risk of detection constituted kidnapping).
Finally, we hold that the trial court erred in sentencing the defendant to life imprisonment. On the guidelines scoresheet, the defendant was assessed 511 points under Category Nine (All Other Felony Offenses). That cumulative total included points for victim injury: eight points were added for each of the two victims. However, only one of the victims testified that she had been injured. The additional eight points for victim injury raised the defendant's total guidelines score one level from 503 points to 511 points. If properly scored, Fernandez should have been sentenced to 27 to 40 years rather than life.
Accordingly, while the judgment of conviction appealed from is affirmed, the cause is remanded for resentencing within the guidelines.
Judgment of conviction affirmed; cause remanded for resentencing.