PER CURIAM.
Appellant was convicted of robbery and petit theft in Case No. 92-1560, and robbery and grand theft in Case No. 92-1556. In each case, the dual offenses arose from a single criminal episode against a single victim. Appellant argues that the dual convictions in each ease violate the prohibition against double jeopardy. We agree.
The state concedes, on the authority of J.C.B. v. State, 512 So.2d 1073 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988), and Simmons v. State, 551 So.2d 607 (Fla. 5th DCA 1989), that the dual robbery and petit theft convictions in Case No. 92-1560 are improper. Similarly, the supreme court’s recent decision in Sirmons v. State, 19 Fla. Law Weekly S71, — So.2d-(Fla. February 3,1994), requires reversal of the grand theft conviction in Case No. 92-1556. Accordingly, appellant’s judgments of conviction and sentences for robbery in Case No. 92-1556 and in Case No. 92-1560 are AFFIRMED; however, we VACATE appellant’s petit theft conviction and sentence in Case No. 92-1560 as well as his grand theft conviction and sentence in Case No. 92-1556. Further, in view of our reversal of the grand theft and petit theft convictions, we remand for resentencing under a corrected guidelines scoresheet.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
SMITH, ALLEN and DAVIS, JJ., concur.