679 So.2d 351 (1996)
Darla WOLF, Appellant,
v.
STATE of Florida, Appellee.
No. 95-898.
District Court of Appeal of Florida, Fifth District.
September 6, 1996.
*352 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Judge.
Appellant, Darla Wolf, appeals her convictions for petit theft and felony fraudulent use of a credit card, raising multiple claims of error. We find merit in only one. We agree that convictions for both petit theft and fraudulent use of a credit card arising out of a single act is improper. § 775.021(4), Fla. Stat. (1993).
Legislative intent governs the propriety of cumulative convictions and punishments in a single trial. Thompson v. State, 585 So.2d 492, 493 (Fla. 5th DCA 1991), approved in full, 607 So.2d 422 (Fla.1992). As defined by the legislature, the basic elements of theft are set forth below:
Theft is:
(1) knowingly
(a) obtaining or using the property of another, or
(b) endeavoring to obtain or to use the property of another
(2) with the intent to temporarily or permanently:
(a) deprive the other of a right to or benefit from the property, or
(b) appropriate the property to one's own use or to the use of any person not entitled thereto.
§ 812.014(1), Fla. Stat. (1993). A theft is deemed to be petit theft unless the value of the affected property exceeds $300. § 812.014(2)(d). Wolf was charged with grand theft, but was convicted of the lesser offense of petit theft.
Fraudulent use of a credit card is defined as:
(1) With the intent to defraud,
(2)(a) using for the purpose of obtaining money, goods, services, or anything else of value:
(1) a credit card obtained or retained in violation of Chapter 817, part II, or
(2) a credit card which one knows is forged, or,
(b) obtaining money, goods, services or anything else of value:
(1) by representing, without the consent of the cardholder, that one is the holder of a specified card, or
(2) by representing that one is the holder of a card and such card has not in fact been issued.
§ 817.61, Fla. Stat. (1993).
While use of a credit card contains several elements that are not required to commit petit theft, petit theft does not require any element that is not found in the fraudulent use of a credit card. Element (2) of theft as described above will always be found within element (1) of credit card fraud, since the intent to defraud can consist of no less than intending, temporarily or permanently, to deprive someone else of the use of *353 or benefits from his or her property or to misappropriate the property. Furthermore, element (1) of theft will be satisfied whenever a credit card fraud is present, since a fraud completed through element (2)(a) will constitute element (1)(b) of theft as "endeavoring to obtain or to use the property of another," and a fraud completed through element (2)(b) will always satisfy the "obtaining or using the property of another" requirement of theft's element (1)(a). In other words, it is not possible to commit an offense under section 817.61 and not commit a theft; therefore, petit theft is a necessarily lesser included offense of fraudulent use of a credit card.[1] Wolf's convictions for both offenses, which arose out of the same act or acts, thus cannot stand. The conviction and sentence for petit theft are therefore vacated. See State v. Barton, 523 So.2d 152, 153 (Fla.1988).
AFFIRMED in part; REVERSED in part; and REMANDED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] Depending on the value of the property involved, a person who commits fraudulent use of a credit card may also commit the separate offense of grand theft. This dichotomy is bottomed on the fact that there is no monetary element in petit theft and parallels the established rule that petit theft is a necessarily lesser included offense of robbery. See State v. Rodriquez, 500 So.2d 120, 122 (Fla.1986); Sullivan v. State, 631 So.2d 1142 (Fla. 1st DCA 1994); Simmons v. State, 551 So.2d 607, 608 (Fla. 5th DCA 1989). It would follow that, as with robbery, see Rodriquez, 500 So.2d at 122; J.C.B. v. State, 512 So.2d 1073, 1074 (Fla. 1st DCA 1987), review denied, 520 So.2d 586 (Fla.1988), grand theft could not be a necessarily lesser included offense of felony fraudulent use of a credit card, since the various levels of grand theft each contain monetary elements.