732 So.2d 30 (1999)
Doyle FRYER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-722.
District Court of Appeal of Florida, Fifth District.
April 30, 1999.
*31 James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, C.J.
Doyle L. Fryer ["Fryer"] appeals his conviction for carjacking, contending that the lower court erred in refusing to instruct the jury on grand theft auto and robbery, as lesser-included offenses of carjacking. We agree and reverse.
Fryer was charged by information with carjacking, a first-degree felony. The information specifically alleged that:
DOYLE LEVATT FRYER, on the 16th day of October, 1997, in said County and State, did, in violation of the Florida Statutes 812.133(1) and 812.133(2)(b), by force, violence, assault or putting in fear, take a motor vehicle from MILDRED B. GRATONIC, as owner or custodian thereof, with the intent to permanently or temporarily deprive said owner or custodian of the motor vehicle.
At trial, the State presented evidence that on October 16, 1997, Fryer approached Mildred Gratonic in the parking lot of a bowling alley. Ms. Gratonic was about to put her bowling ball in the trunk of her car when Fryer placed his hand over her mouth. He said, "Don't move. I won't hurt you. I've got a knife." He placed his finger at her side as if it were a knife. Fryer took Gratonic's purse and car keys and made her lie on the ground. He drove away in her Mustang convertible.
The State's evidence showed that Fryer then drove the car to the home of his friend, Coretta Polite ["Polite"], and took Polite for a ride, explaining that the car belonged to him. The police stopped them, and Fryer exited the vehicle and ran. Polite testified that as Fryer was getting out of the car, he asked her not to tell the police his name. The police apprehended Fryer and arrested him. After receiving Miranda warnings, Fryer gave a full confession which was entered into evidence.
During the charge conference, Fryer requested an instruction on grand theft auto, robbery and battery, as lesser-included offenses *32 of carjacking. The court refused to give Fryer's requested instructions on grand theft auto and robbery, but agreed to read the battery instruction. The court reasoned that where theft of an automobile by force, violence or putting in fear was involved, the legislature had chosen to enhance the crimes of robbery and grand theft auto by the enactment of the crime of carjacking, which was why there were no scheduled lesser-included offenses. In response to the trial court's denial of the requested instructions, defense counsel moved for a mistrial.
During closing arguments, defense counsel contended that the evidence failed to demonstrate that Fryer had committed a carjacking because there was no evidence that the victim was ever in the vehicle. He also argued that Fryer should not be found guilty of carjacking, because there was no evidence that "force" had been used in taking the vehicle. After making these arguments, defense counsel asked the jury to acquit Fryer of carjacking, and to convict him of battery, the only other offense on which the court had agreed to instruct the jury. Defense counsel concluded with the following argument:
And the judge will instruct you that there are two choices that you're going to have ... which is the carjacking, which again we contend there was not a carjacking committed. Second choice is going to be a battery. And it is our position that absolutely he did commit the battery, that he did touch her, that he did put his hand over her mouth in an effort to get the car, that he did, in fact, take the keys from her ... He was basically, he basically made a mistake, committed a crime. I don't think it's the crime of carjacking. She was not hurt. She was not taken. The car was taken.
He made a mistake, fessed up. He's here today. And pretty much the only thing we can ask is that you find it in yourselves to acquit him of the carjacking, convict him of the battery.
No case appears to have decided whether robbery or grand theft auto are necessarily or permissive lesser-included offenses of carjacking. Given the profusion of new offenses and the complexities of sentencing, this is a task increasingly given to the courts to untangle. Although the general rules regarding necessarily and permissive lesser included offenses are well established, their application has become a challenge.
We conclude that robbery, a second-degree felony, is a necessarily lesser included offense of carjacking. The elements of the two offenses are identical, except that robbery involves the taking of "money or other property which may be the subject of larceny," while carjacking is limited to the taking of a motor vehicle.[1] Although robbery is a broader offense than carjacking, in that it involves "money or other property," while carjacking is limited to motor vehicle robbery, the offense of robbery still appears to be "subsumed" within the more limited offense of carjacking, in that every carjacking is also a robbery, albeit a specialized form of robbery. An analogous holding was reached by this *33 court in Wolf v. State, 679 So.2d 351 (Fla. 5th DCA 1996), in which this court held that petit theft was a necessarily lesser included offense of fraudulent use of a credit card. The Wolf court reasoned that petit theft (which is the broader offense, since it involves all forms of theft) was a necessarily lesser included offense of the more particularized offense of fraudulent use of a credit card, since "it is not possible to commit an offense under section 817.61 [the statute governing fraudulent use of a credit card] and not commit a theft...." Id. at 352.
The State argues that robbery should not be considered a lesser included offense of carjacking because the legislature, by creating an entirely separate statute to define the offense of carjacking, has essentially excluded motor vehicles from the types of property which may be the subject of robbery. However, the only cases which it cites are not on point. In those cases, the statutes defining the "lesser" offense specifically exempted from their operation the property given specialized treatment in the separate section defining the "greater" offense. See, e.g., Lewellen v. State, 682 So.2d 186 (Fla. 2d DCA 1996) (since definition of petit theft excludes certain items, including automobiles, petit theft cannot be considered lesser included offense of grand theft auto); Gonsoulin v. State, 642 So.2d 146 (Fla. 5th DCA 1994) (crime of carrying a concealed weapon is not lesser included offense of carrying a concealed firearm, since statutory definition of "weapon" excludes firearm).
Grand theft auto, a third-degree felony, also appears to be a necessarily lesser included offense of carjacking. The elements of grand theft of a motor vehicle are: (1) knowing and unlawful obtaining or use, or knowing and unlawful endeavor to obtain or use, (2) the motor vehicle of another, (3) with the intent to either temporarily or permanently (a) deprive the owner or lawful possessor of a motor vehicle of the right to the vehicle or the benefit from it, or (b) to appropriate the motor vehicle to the accused's own use or to use of any person not entitled to it. ss. 812.012(2), 812.014(1); 812.014(2)(c)4, Fla. Stat. (1997); Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996). Each of the statutory elements of grand theft auto are statutory elements of the offense of carjacking. The fact that grand theft auto is a necessarily lesser included offense of carjacking seems to be implicitly conceded by the State.
Given that both robbery and grand theft auto are necessarily lesser included offenses of carjacking, it was error to refuse Fryer's request for an instruction on these offenses as lesser included offenses of carjacking. When a defendant requests an instruction on a necessarily lesser included offense, the trial court is obligated to grant the request even if there was no trial evidence to support such a jury verdict and the evidence shows that this lesser offense could not have been committed without also committing the charged offense. State v. Wimberly, 498 So.2d 929 (Fla.1986); Thompson v. State, 487 So.2d 311, 312 (Fla. 5th DCA), review denied, 494 So.2d 1153 (Fla.1986).
We find no merit in the state's harmless error argument. See Macri v. State, 689 So.2d 1280 (Fla. 5th DCA 1997).
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] The elements of carjacking, a first-degree felony, are that: (1) the defendant took a motor vehicle from the person or custody of the victim; (2) the defendant used force, violence, assault, or putting in fear was used in the course of the taking; and (3) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it or (b) to appropriate the motor vehicle of the victim to his own use or to the use of any person not entitled to it. Standard Jury Instructions in Criminal Cases, 697 So.2d 84 (Fla.1997); s. 812.133, Fla. Stat. (1997). The elements of robbery are that: (1) defendant took money or property from the person or custody of another; (2) defendant used force, violence, assault, or putting in fear in the course of the taking; (3) the property taken was of some value; and (4) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it, or (b) to appropriate the motor vehicle of the victim to his own use or to the use of any person not Standard Jury Instructions in Criminal Cases, 665 So.2d 212 (Fla.1995); s. 812.13, Fla. Stat. (1997).