870 So.2d 15 (2003)
George MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2768.
District Court of Appeal of Florida, Second District.
August 1, 2003.
Rehearing Denied November 13, 2003.
*16 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
George Miller appeals his convictions for burglary with a battery, attempted carjacking, making a false application for an identification card, and resisting arrest without violence. We reverse the attempted carjacking conviction because the trial court erred in denying Miller's request for a jury instruction on attempted robbery as a necessarily lesser included offense. Otherwise, we affirm.
The charges arose from Miller's attempt to obtain a false identification card from the Department of Highway Safety and Motor Vehicles. In doing so, he aroused the suspicions of a Department employee who called the police. Deputy Street was questioning Miller when Miller suddenly took off running. The deputies chased Miller through a parking lot and across a street. During the chase, Deputy Buckley yelled, "Stop or I'll shoot." As Miller was reaching into a car and grabbing the driver, Deputy Street fired three shots at Miller. Miller ran to another car and tried to pull the driver out but was unsuccessful. Deputy Street shot Miller when he started to flee again.
As to the attempted carjacking conviction, Miller argues that the trial court erred in denying his request for an instruction on attempted robbery as a lesser included offense. Necessarily lesser included offenses are those where "the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence." Brown v. State, 206 So.2d 377, 382 (Fla.1968), overruled in part on other *17 grounds, In re Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981). Robbery is a necessarily included offense of carjacking.[1]Fryer v. State, 732 So.2d 30 (Fla. 5th DCA 1999). The supreme court has recognized that "[t]he language of the carjacking statute mirrors the language of the robbery statute with one exceptioncarjacking pertains only to motor vehicles whereas robbery pertains to all property." Cruller v. State, 808 So.2d 201, 204 (Fla.2002). As the Fifth District noted, "every carjacking is also a robbery." Fryer, 732 So.2d at 32.
Failure to instruct on an offense only one step removed from the conviction is per se reversible error. Cox v. State, 618 So.2d 291 (Fla. 2d DCA 1993). Attempted carjacking is a second-degree felony. §§ 812.133(1); 777.04(4)(c), Fla. Stat. (1999). Attempted robbery is a third-degree felony. §§ 812.13(1); 777.04(4)(d). Because attempted robbery is only one step removed from attempted carjacking, the trial court's failure to instruct the jury on attempted robbery is per se reversible error. See State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978). Accordingly, we reverse the conviction for attempted carjacking and remand for a new trial on this charge.
Because the issue may arise on retrial, we point out that the trial court erred in sustaining the State's hearsay objection to a defense question. There were two deputies chasing Miller. The State called Deputy Street as a witness; it did not call Deputy Buckley. In cross-examination, the defense asked Deputy Street to repeat what he and Deputy Buckley were saying as they chased Miller. The defense wanted Deputy Street to testify that he heard Deputy Buckley yell "Stop or I'll shoot" to support the defense theory that Miller only tried to get into other people's cars to avoid being shot by the police. The trial court sustained the State's hearsay objection to this question. As a result of this ruling, Miller called Deputy Buckley as a witness, and Deputy Buckley repeated his statement without objection by the State. Because Miller called Deputy Buckley as a witness, he lost the right to first and last closing arguments.
Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (1999). This testimony was not being elicited to prove that Deputy Buckley was going to shoot Miller if Miller did not stop; it was only sought to show the effect of the statement on Miller. Therefore, the trial court erred by sustaining the State's hearsay objection. See Blackwood v. State, 777 So.2d 399, 407 (Fla.2000) (holding that deceased victim's statements, as related by victim's daughter, were not hearsay because they were offered only to show their effect upon defendant's state of mind and not truth of matter asserted).
However, the issue was not adequately preserved for appeal because defense counsel never proffered the answer. See § 90.104(1)(b), Fla. Stat. (1999). When asked what Deputy Street would say, defense counsel stated that he was "not at all certain." Although the statement later came in when the defense called Deputy Buckley, the record does not show *18 whether Deputy Street heard this statement during the chase. Therefore, we affirm on this issue. See Ketrow v. State, 414 So.2d 298, 299 (Fla. 2d DCA 1982) (stating that proffer is necessary to preserve point for appeal; otherwise appellate court would have to speculate "as to what someone might have said"); Fernandez v. State, 555 So.2d 437, 438 (Fla. 3d DCA 1990). We find no merit to the other points raised on appeal.
Affirmed in part, reversed in part, and remanded.
WHATLEY and SILBERMAN, JJ., concur.
NOTES
[1] In the most recent edition of the standard jury instructions in criminal cases, lesser included offenses are listed in charts spread throughout the substantive jury instructions and in the Schedule of Lesser Included Offense at the end. Strangely, robbery is listed as a category one lesser included offense to carjacking in section 15.2 but not in the schedule at the end. West's Fla. Criminal Laws & Rules, 173, 345 (Supp.2003).