STONE, J.
We reverse Baynham’s conviction for carjacking. It was error to deny Bayn-ham’s request for a jury instruction on robbery as a lesser-included offense of carjacking. The taking of a motor vehicle was charged in the information and the *809 only evidence of a taking related to the motor vehicle.
In Fryer v. State, 732 So.2d 30, 32 (Fla. 5th DCA 1999), the court recognized that robbery is a necessarily included offense of carjacking, stating:
No case appears to have decided whether robbery or grand theft auto are necessarily or permissive lesser-included offenses of carjacking. Given the profusion of new offenses and the complexities of sentencing, this is a task increasingly given to the courts to untangle. Although the general rules regarding necessarily and permissive lesser-included offenses are well established, their application has become a challenge.
We conclude that robbery, a second-degree felony, is a necessarily lesser-included offense of carjacking. The elements of the two offenses are identical, except that robbery involves the taking of “money or other property which may be the subject of larceny,” while carjacking is limited to the taking of a motor vehicle. Although robbery is a broader offense than carjacking, in that it involves “money or other property,” while carjacking is limited to motor vehicle robbery, the offense of robbery still appears to be “subsumed” within the more limited offense of carjacking, in that every carjacking is also a robbery, albeit a specialized form of robbery.
(Footnote omitted).
The state requests that we reject the Fryer holding because a necessarily lesser-included offense is generally one which is subsumed within the greater offense, i.e., a person cannot commit the greater offense without also committing the necessarily lesser-included offense. See State v. Wimberly, 498 So.2d 929 (Fla.1986). The state urges that carjacking is limited to a motor vehicle while robbery is a broader offense than carjacking, in that it involves “money or other property.”
In Miller v. State, — So.2d -, 2003 WL 21766500, 28 Fla. L. Weekly D1799 (Fla. 2d DCA Aug.1, 2003), the court reversed Miller’s attempted carjacking conviction holding the trial court erred in denying his request for a jury instruction on attempted robbery as a necessarily lesser-included offense, stating:
Necessarily lesser included offenses are those where “the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence.”.... Robbery is a necessarily included offense of carjacking. Fryer v. State, 732 So.2d 30 (Fla. 5th DCA 1999). The supreme court has recognized that “[t]he language of the carjacking statute mirrors the language of the robbery statute with one exception-carjacking pertains only to motor vehicles whereas robbery pertains to all property.” Cruller v. State, 808 So.2d 201, 204 (Fla.2002). As the Fifth District noted, “every carjacking is also a robbery.” Fryer, 732 So.2d at 32.
Failure to instruct on an offense only one step removed from the conviction is per se reversible error. Cox v. State, 618 So.2d 291 (Fla. 2d DCA 1993).... Because attempted robbery is only one step removed from attempted carjacking, the trial court’s failure to instruct the jury on attempted robbery is per se reversible error. See State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978).
(Footnote omitted).
The state’s argument that, because the carjacking offense is a more specific offense than robbery it should not be a lesser-included offense, appears to have been rejected by the supreme court in Cruller v. State, 808 So.2d 201, 204 (Fla. *810 2002), in which the supreme court explained that:
When the Legislature enacted the carjacking statute, it carved out a particular type of robbery — the forceful taking of a motor vehicle — and made it an enhanced crime (unarmed robbery is a second-degree felony compared to unarmed carjacking which is a first-degree felony).
We have also considered the identification issue raised on appeal and find no reversible error or abuse of discretion. Therefore, applying Fryer and Miller, with which we agree, we reverse the judgment and sentence and remand for a new trial.
KLEIN and HAZOURI, JJ., concur.