MONACO, J.
The sole issue presented to us for consideration in this appeal is whether the taking of property after a premeditated murder can support a conviction of robbery with a firearm, where the alleged motive for the murder was not the taking of the property. Because we conclude that the primary motive for the murder was for a reason not associated with the taking of property, we reverse the conviction of the appellant for robbery, but otherwise affirm.
The appellant, David Kinsler, was accused by indictment of committing three crimes. He was charged in Count I with the first-degree murder of his cousin. In this connection the State proceeded under both a premeditation and a felony-murder theory, the underlying felony being robbery. In Count II Mr. Kinsler was charged with robbery with a firearm, the specific items taken being described as a chameleon[1] colored Chevrolet and cash. Finally, the State charged Mr. Kinsler in Count III with dealing in stolen property.
The evidence presented by the State established convincingly that the motive of Mr. Kinsler for killing his cousin, Roderick Kinsler (the “Victim”), was that he was angry with the Victim’s father because the appellant’s former girlfriend, Yolanda Smith, as well as the appellant’s and Ms. Smith’s child, were living with the Victim’s father. According to a number of witnesses presented by the State, the appellant frequently stated that because he was unhappy with the relationship between Ms. Smith and his uncle, he wanted to kill someone; either the Victim, the Victim’s brother, the Victim’s father, or Ms. Smith. Evidence was also presented that the appellant took the Victim’s automobile and *553 $80.00 from his pocket, and later sold some of the parts of the Chevrolet to acquire money for the purchase of illegal drugs.
The appellant’s position at trial was that he accidentally shot the Victim with his .22 caliber rifle when he and the Victim stumbled through a remote section of woods looking to steal car parts from a nearby trailer park. He testified that he then took the keys to the Chevrolet from the Victim’s pocket, and left the scene in the vehicle. He denied taking the money from the Victim’s clothing, and said that the car parts that he sold came from a different vehicle. At the close of the State’s case, and again at the close of all of the evidence, the defense moved for a judgment of acquittal (albeit in a pro forma manner). The motion was denied in each instance.
During closing arguments the State argued that Mr. Kinsler was guilty of premeditated murder, and that the motive behind that crime was to “get even with somebody, to get back at somebody, to act out of revenge.” While acknowledging that motive is not an element of premeditated murder, the prosecutor argued that, “In this case, I submit to you that there was a motive that was clear and it was proved to you.”
Defense counsel discussed the armed robbery in his closing argument, as follows:
And let’s take a look at robbery for a minute in the jury instructions. Because I’ll tell you, and I would submit to you simply this, he’s not guilty of robbery because here the element of robbery is that David Kinsler took money and/or a 1983 Chevrolet from the person or persons or custody of Roderick Kin-sler. ...
You know, it says — that’s the first thing. There’s four elements. They have to prove all four of them beyond a reasonable doubt. The second one is force, violence or assault or putting in fear was used in the course of the taking. Well that undermines their own case. Because if you’re believing what they’re trying to tell you, they’re telling you that he killed him for revenge. This had nothing to do with a robbery. For money or for the car. And that’s from the State’s own evidence. So, what does that mean? Where does that put you? Where does that put you in terms of jury verdict. And this is interesting thing (sic) and this is how this works because you got a jury verdict here on robbery.
Defense counsel went further and discussed the matter of motive as presented by the State.
One thing that you can consider in this case is the defendant is not guilty of robbery. Because he didn’t do that. They’re talking about motive. They’re the ones that said that motive doesn’t have to be proven. It doesn’t have to— but they got up here. They said the motive was revenge. The taking of it was without the permission of the victim. In this case it would be a grand theft that would be proven beyond and to the exclusion of every single reasonable doubt under that set of circumstances in this case. So you don’t have to go in there and say look he shot him for that car and money. And I’ve got to take it or leave it.
The jury found Mr. Kinsler guilty of premeditated murder as charged in the indictment, but not of felony-murder. It also found Mr. Kinsler guilty of robbery with a firearm, and of dealing in stolen property. The trial court sentenced Mr. Kinsler to a life term of imprisonment in Count I, and a concurrent life term in Count II. He was sentenced to 15 years imprisonment on Count III, to be served consecutive to Counts I and II.
*554 The statutory definition of robbery is the “taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.” § 812.13(1), Florida Statutes (2002). The issue before us boils down to whether the State proved beyond a reasonable doubt that the force and violence used by Mr. Kinsler was associated sufficiently with the taking element of this crime. Mr. Kinsler argues that the taking was an “afterthought,” and that the crime was, therefore, not proved. We agree.
There are two lines of cases emanating from the Florida Supreme Court that fairly well define when the “afterthought” defense to robbery can be successfully raised. The first line is headed by Mahn v. State, 714 So.2d 391 (Fla.1998). In that case the court concluded that the homicides committed by the defendant were not caused by the defendant’s desire to take certain money and a car from the victims. Instead, the evidence was that the homicides were committed out of jealousy, and that the taking of the money and car was an “afterthought.” Accordingly, the court held that robbery was not proved beyond a reasonable doubt.
The foundation for this conclusion was the high court’s decision in Jones v. State, 652 So.2d 346 (Fla.1995). In that case the court held that the threat or force element of robbery must be part of a continuous series of events associated with the taking element of the crime. The Jones court explained:
“An act is considered “in the course of the taking” if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.” 812.13(3)(b), Fla. Stat. (1989). Thus, a taking of property that otherwise would be considered a theft constitutes robbery when in the course of the taking either force, violence, assault, or putting in fear is used. We have long recognized that it is the element of threat or force that distinguishes the offense of robbery from the offense of theft. Royal v. State, 490 So.2d 44, 46 (Fla.1986), receded from on other grounds, Taylor v. State, 608 So.2d 804 (Fla.1992); Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922). Under section 812.13, the violence or intimidation may occur prior to, contemporaneous with, or subsequent to the taking of the property so long as both the act of violence or intimidation and the taking constitute a continuous series of acts or events.
652 So.2d at 349. The Supreme Court thus concluded that where the motive for the murder was not the taking of property, robbery is not made out. See also, Knowles v. State, 632 So.2d 62 (Fla.1993); Parker v. State, 458 So.2d 750 (Fla.1984).
The second line of cases includes Beasley v. State, 774 So.2d 649 (Fla.2000). In Beasley, the victim of the homicide was the manager of an apartment complex at which the defendant was a handyman. The only motive for the murder appeared to be to rob the victim of eight $100 bills that she had recently received. Because there was competent, substantial evidence to uphold a robbery conviction, and no other motive for the murder appeared from the record, the robbery conviction was allowed to stand, despite the claim of robbery as an afterthought. See also Woodel v. State, 804 So.2d 316 (Fla.2001); Perry v. State, 801 So.2d 78 (Fla.2001); Zack v. State, 753 So.2d 9 (Fla.2000).
*555 The rule that emerges was expressed by the Supreme Court in Beasley as follows:
Where an “afterthought” argument is raised, the defendant’s theory is carefully analyzed in light of the entire circumstances of the incident. If there is competent, substantial evidence to uphold the robbery conviction, and no other motive for the murder appears of record, the robbery conviction will be upheld. Conversely, in those cases where the record discloses that, in committing the murder, the defendant was apparently motivated by some reason other than a desire to obtain the stolen valuable, a conviction for robbery (or the robbery aggravator) will not be upheld.
Beasley, 774 So.2d at 662. When the facts of the present case are compared with this template, the impropriety of the robbery conviction becomes clear.
The entire theory of the State’s case was that Mr. Kinsler killed his cousin for revenge, and the evidence adduced at trial thoroughly supported this theory. The tenor of the State’s closing argument was that Mr. Kinsler was guilty of premeditated murder based on this motive; felony-murder was not even argued. The defense, in response, specifically asserted “robbery as an afterthought” in closing argument. Finally, the jury returned with a verdict of guilty of premeditated first-degree murder, and not of felony-murder.
It hardly needs repeating that a motion for judgment of acquittal should be granted in a circumstantial evidence case if the State fails to present evidence from which the jury can exclude every reasonable hypothesis, except that of guilt. See State v. Law, 559 So.2d 187, 188 (Fla.1989). The robbery conviction was based on circumstantial evidence with respect to the force and violence element of the crime, and there was a reasonable hypothesis concerning this element not excluded by the State’s proof. The motion of the appellant for judgment of acquittal with respect to the robbery charge should, therefore, have been granted. We note, however, that the taking or theft element was founded on direct evidence, and would support a conviction of grand theft of the motor vehicle in violation of section 812.014(1), Florida Statutes (2002). See Malm, 714 So.2d at 397.
Accordingly, we affirm the judgments and sentences for first-degree premeditated murder and dealing in stolen property. We reverse the conviction for robbery with a firearm, and remand to the trial court with directions to reduce this conviction to grand theft of the motor vehicle, and for Mr. Kinsler to be resentenced on this charge.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON and TORPY, JJ., concur.

. We are not certain exactly what color "chameleon” is.