938 So.2d 559 (2006)
GEOVANNY CONCEPCION, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 5D05-2428.
District Court of Appeal of Florida, Fifth District.
Opinion filed September 1, 2006.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Geovanny Osorto Concepcion ["Concepcion"] appeals his convictions for attempted felony murder and carjacking. He asserts that the trial court erred by denying two special jury instructions he requested. We agree that it was error not to give the requested "afterthought instruction."[1]
Concepcion was charged by information with carjacking and attempted first-degree premeditated murder or attempted felony murder based on robbery or burglary. The charges were based on an incident that occurred on July 18, 2004, during which Concepcion stabbed his girlfriend[2] and then stole her car and her money. Trial evidence demonstrated that Concepcion and his girlfriend, Ilsi Deleado, were traveling to Naples from Jacksonville. Concepcion was a passenger in Deleado's car. Deleado decided to return to Jacksonville and began heading north on I-95. They were arguing, and Deleado pulled over onto the shoulder of I-95 to get out of the vehicle. According to Deleado, Concepcion told her that she would die on the road if she stopped the car. She tried to get out of the driver's side door, but Concepcion pulled her hair to prevent her from exiting. She then climbed over Concepcion. As she did, he began stabbing her with a kitchen knife. She escaped, but Concepcion chased her and again stabbed her multiple times.
Numerous witnesses observed the event. They stopped and provided assistance to Deleado. After help arrived, Concepcion got into Deleado's Toyota Camry and fled. He was later apprehended in St. John's County. At the time of his arrest, he was walking away from the car in an empty lot. He had blood on his hands and clothes and his pocket contained $510.00 in cash. Deleado's purse and wallet, which had blood on them, were found inside the car. Deleado testified that she had earlier cashed her paycheck and the $500 was in her purse. Following deliberations, Concepcion was found guilty of attempted felony murder and carjacking and was sentenced to thirty years of incarceration.
Concepcion asked for a special jury instruction as follows:
One of the elements of the offense of Carjacking,[3] which must be proved beyond and to the exclusion of a reasonable doubt, is that the accused used force in the taking of the property of another. If the evidence shows that any force used by the defendant was done with the primary motive of committing some other offense and that the motive for the use of force was for a reason not associated with the taking of property, then the offense of Carjacking has not been proved and you must find the defendant not guilty of that charge.
KINSLER V. STATE, 873 So. 2d 551 (5th D.C.A. 2004) [sic].
Concepcion argued that the evidence was such that the jury could conclude that the taking of the vehicle was not the motive behind the attack on Deleado, but that she was attacked for other reasons and the theft of the vehicle was simply an "afterthought." He contended that this theory, if believed by the jury, would preclude his conviction for carjacking, since the force and violence necessary to the offense had to be done to effectuate the taking. The trial court denied this instruction on the ground that the standard instructions were adequate.
In a criminal proceeding, the trial court's discretion in instructing the jury is circumscribed because a criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory, and so long as the theory is recognized as valid under the law of the state. Worley v. State, 848 So. 2d 491, 492 (Fla. 5th DCA 2003). In Stephens v. State, 787 So. 2d 747 (Fla. 2001), the Florida supreme court said:
While a defendant is entitled to have the jury instructed on his theory of defense, the failure to give special jury instructions does not constitute error where the instructions given adequately address the applicable legal standards. . . . Thus, [the defendant] has the burden of demonstrating that the trial court abused its discretion in giving standard instructions.
Id. at 755-56 (citations omitted). In order to be entitled to receive a special jury instruction, the defendant must prove:
(1) the special instruction was supported by the evidence;
(2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing.
Id.
Concepcion relies on Kinsler v. State, 873 So. 2d 551 (Fla. 5th DCA 2004), where the issue on appeal was whether the taking of property after a premeditated murder could support a conviction of robbery with a firearm, where the alleged motive for the murder was not the taking of the property. The evidence presented by the state established that the motive of Kinsler for killing his cousin, the victim, was that he was angry with the victim's father because Kinsler's former girlfriend and his child were living with the victim's father. Evidence was also presented that Kinsler took the victim's automobile and $80.00 from his pocket, and later sold some of the parts of the car to acquire money to purchase illegal drugs. Based on this evidence, the defendant argued that the taking of the property was an "afterthought," which meant that the crime of robbery had not been proved by the state because the use of force or violence in the course of the taking was required. In reversing Kinsler's conviction for robbery, this court relied in large part on Beasley v. State, 774 So. 2d 649 (Fla. 2000), which offered the following analysis:
When an "afterthought" argument is raised, the defendant's theory is carefully analyzed in light of the entire circumstances of the incident. If there is competent, substantial evidence to uphold the robbery conviction, and no other motive for the murder appears of record, the robbery conviction will be upheld. Conversely, in those cases where the record discloses that, in committing the murder, the defendant was apparently motivated by some reason other than a desire to obtain the stolen valuable, a conviction for robbery (or the robbery aggravator) will not be upheld.
Beasley, 774 So. 2d at 662. Under Beasley, where the motive for the murder is not the taking of property, the crime of robbery is not made out with respect to a later taking.
Davis v. State, 922 So. 2d 438 (Fla. 5th DCA 2006), also involved the trial court's refusal to give an afterthought instruction, resulting in the defendant's conviction of both first-degree (premeditated and felony) murder and robbery. At trial, the defendant sought and was denied an instruction on taking property of the victim as an afterthought, which constituted theft, as opposed to taking property in the course of a robbery. The basis of the request was that Davis told an investigator that the killing resulted from a drug deal gone bad, not a robbery. On appeal, this Court held that the trial court abused its discretion in denying the request because there was some evidence presented to support his theory.
Here, the trial court erred in refusing the instruction as there was evidence that Concepcion took the car or the money as an "afterthought" rather than stabbing the victim to accomplish the robbery or carjacking. Deleado and Concepcion had been arguing the day before the incident occurred and on the day of the incident. The couple was already separated and their relationship was strained. Deleado claimed that Concepcion became upset because she turned the car around to head back to Jacksonville. She stated that he told her if she stopped the car, she was going to die there. She also testified that he told her if he could not have her no one could. Concepcion not only stabbed Deleado multiple times inside the vehicle, but he failed to drive off when she fled the vehicle. Instead, he pursued her outside the vehicle and continued to stab her. The force used far exceeded what was necessary to obtain the vehicle.
Concepcion is entitled to a new trial on the carjacking charge.
AFFIRMED in part. REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.
NOTES
[1] We find no error in failing to give the "claim of right" instruction.
[2] Although they never married, Concepcion and Deleado were a couple for thirteen years, but were separated at the time of the incident. They have two children together.
[3] The elements of carjacking, a first-degree felony, are that: (1) the defendant took a motor vehicle from the person or custody of the victim; (2) the defendant used force, violence, assault, or putting in fear was used in the course of the taking; and (3) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it or (b) to appropriate the motor vehicle of the victim to his own use or to the use of any person not entitled to it. See Fryer v. State, 732 So. 2d 30, 33 n. 1 (Fla. 5th DCA 1999) (citing Standard Jury Instructions in Criminal Cases, 697 So. 2d 84 (Fla. 1997); § 812.133, Fla. Stat. (1997)). The statutory elements of robbery consist of a taking of money or property from the person or custody of another; by force, violence, assault or putting in fear; with intent to deprive the person or the owner of the money or other property. See Hamrick v. State, 648 So. 2d 274, 276 (Fla. 4th DCA 1995).