[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

No. 11-13597
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23344-MGC

LUIS A. HERNANDEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 1, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Luis Hernandez, a Florida prisoner serving a total life sentence after being

convicted by a jury on charges of aggravated battery, burglary with assault, armed

carjacking, armed robbery, and armed kidnaping, appeals *pro se* the district court's

denial of his federal habeas petition filed pursuant to 28 U.S.C. § 2254. For the

reasons set forth below, we affirm.

## I. Facts

On July 31, 2002, an armed man wearing a ski mask and sunglasses robbed

Stella Von Klan at her home, causing substantial injuries to her head and hand.

The robber stole Von Klan's jewelry and car. During the robbery, Von Klan

managed to take off the robber's sunglasses, which the police later found at the

scene of the crime. Hernandez was subsequently arrested and charged as the

perpetrator.

At Hernandez's trial, the state called several witnesses, including Adriana

Kristaly, a forensic biologist and an expert in DNA analysis. Kristaly testified that

she obtained a DNA sample from the sunglasses and found a mixture of DNA

profiles in the sample. The DNA profiles of Von Klan, her husband, and

Hernandez could not be excluded from the DNA mixture. However, Kristaly

could not say that the DNA sample matched any of the three individuals.

The state also introduced the testimonies of two police officers, Anthony

Feria and Luis Iglesis. Feria testified that on August 15, 2002, after Hernandez's

arrest, Feria interviewed him at the police station along with Iglesis. At this

2

interview, after being read his *Miranda*[1] rights, Hernandez refused to sign the *Miranda* waiver form. However, he verbally waived his rights and admitted his guilt, explaining in detail how he robbed Von Klan. After Hernandez confessed, Feria and Iglesis went with him to search for the stolen jewelry and car, but did not find anything. When they returned to the police station, Feria met the lead detective in the case, Kimberly Llambes, and told her about Hernandez's confession. Llambes, Feria, and Hernandez then went back into the interview room, where Hernandez signed a *Miranda* waiver form and provided a brief synopsis of his earlier confession. Feria testified that he could not recall whether Iglesis was present during the latest confession, but believed Iglesis was not there. Iglesis essentially corroborated Feria's testimony and stated that, after the search for the stolen property, Iglesis had no more involvement in the case.

Twice during the trial, the court asked Hernandez and his counsel whether they wanted jury instructions on any lesser-included offenses. Both Hernandez and his counsel assured the court that they did not. In instructing the jury, the court described the offenses charged in each count of the state's information (battery, burglary, carjacking, robbery, and kidnaping, respectively), the elements of those offenses, and the meaning of various aggravating factors. Specifically,

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

with regard to Count 3, the court told the jury: "Before you can find the defendant guilty of Carjacking as charged in Count Three of the Information, the State must prove the following three elements beyond a reasonable doubt." The court explained all the elements of carjacking and the various terms contained in the definition of the offense.

The court further instructed the jurors that it was their responsibility to decide what evidence was reliable and not reliable. The court described several factors that the jury should look for in assessing the credibility of witnesses and stated: "You may rely upon your own conclusion about the witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness."

When instructing the jury on the state's burden of proof, the court explained that the defendant is presumed innocent unless that presumption "has been overcome by the evidence to the exclusion of and beyond a reasonable doubt." The court further explained that "mere possible doubt, a speculative, imaginary or forced doubt" must not influence the jurors to return a not-guilty verdict if they have "an abiding conviction of guilt." The court then stated, according to the trial transcript:

On the other hand, if, after carefully considering, comparing and

weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which waivers and vacillates, then the charge is proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

In the written jury instructions, however, the last clause of the second paragraph above provided: "then the charge is not proved beyond every reasonable doubt." Subsequently, the state obtained an affidavit from the court reporter, who affirmed that she erroneously transcribed the jury instruction at issue, and that the correct reading should be, "Then the charge is *not* proved."

The court gave the jury a printed copy of the instructions and the charging information to take to the jury room. The court also provided the jury with a verdict form, which asked the jury to check a box labeled guilty or not guilty on each count. With regard to Count 3, the verdict form designated the charged offense as "Robbery/Carjacking." In explaining the verdict form to the jury, the court stated: "The verdict form for Count Three is Carjacking." The jury ultimately found Hernandez guilty on all counts.

After Hernandez's direct criminal proceedings and his state post-conviction proceedings ended, he filed the instant § 2254 habeas petition in the district court, alleging multiple claims of ineffective assistance of counsel. In relevant part, Hernandez alleged that his counsel rendered ineffective assistance by (1) failing to

request Florida's Standard Instruction 3.9(a) on the testimony of expert witnesses, as a result of which the jury may have given undue weight to the DNA expert's opinion testimony; (2) failing to object to the apparently erroneous instruction on reasonable doubt; (3) failing to impeach or otherwise challenge the testimonies of officers Feria and Iglesis because they testified inconsistently on whether Iglesis was present during Hernandez's confession; and (4) failing to object to the ambiguous verdict form concerning Count 3 of the charging information. The district court denied Hernandez's § 2254 petition but granted a certificate of appealability on the above four claims.

## II.  Analysis

We review the district court's denial of a § 2254 petition *de novo*, but accord deference to the state court's decision on the merits of a claim. *Davis v. Jones*, 506 F.3d 1325, 1331 (11th Cir. 2007). Federal courts may not grant habeas relief on claims previously adjudicated on the merits in a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

6

28 U.S.C. § 2254(d); *Davis*, 506 F.3d at 1331.[2]

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two elements, namely, (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The standard for measuring attorney performance is whether counsel acted reasonably under the "prevailing professional norms," and a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89, 104 S.Ct. at 2065. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

Hernandez failed to meet the elements of *Strickland* on all four of his ineffective-assistance-of-counsel claims. First, Hernandez failed to show any

---

[2] We note that Hernandez's first claim, regarding the instructions on expert witness testimony, may not have been addressed on the merits in the state courts. *See Bellizia v. Florida Dep't of Corr.*, 614 F.3d 1326, 1328 n.1 (11th Cir. 2010) (stating that § 2254(d) deference is not required if the state court failed to address the merits of a petitioner's claim). However, we need not decide whether § 2254(d) deference is due on this issue, as we can readily deny Hernandez claim after reviewing it *de novo*. *See Berghuis v. Thompkins*, 560 U.S. __, __, 130 S.Ct. 2250, 2265, 176 L.Ed.2d 1098 (2010) (stating that a court may deny a habeas petition on *de novo* review when it is not clear whether deference applies, as the petitioner will not be entitled to habeas relief if his claim is rejected on *de novo* review).

prejudice resulting from his counsel's failure to request a jury instruction on expert testimony. Florida's standard instruction on expert witnesses provides:

> Expert witnesses are like other witnesses, with one exception — the law permits an expert witness to give [his] [her] opinion.

> However, an expert's opinion is reliable only when given on a subject about which you believe [him] [her] to be an expert.

> Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.

Florida Standard Jury Instruction 3.9(a) (adopted in 1981). Hernandez argues that, absent this instruction, the jury may have given undue weight to Kristaly's testimony regarding the DNA found on the perpetrator's sunglasses. However, the trial court instructed the jurors that it was up to them to decide what evidence was reliable or unreliable. The court also described several factors to be considered in evaluating the testimony of witnesses and told the jurors that they "may believe or disbelieve all or any part of the evidence or the testimony of any witness." In light of these instructions, it is highly unlikely that the jury believed that it had to accept Kristaly's testimony as true. *See Weeks v. Angelone*, 528 U.S. 225, 234, 120 S.Ct. 727, 733, 145 L.Ed.2d 727 (2000) ("A jury is presumed to follow its instructions."). Accordingly, Hernandez failed to show a reasonable probability that, but for his counsel's failure to request instruction 3.9(a), the outcome of the

8

trial would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Second, Hernandez failed to show that his counsel acted deficiently by not objecting to the apparently erroneous instruction on reasonable doubt. The affidavit of the court reporter, coupled with the written instructions, indicates that the court correctly instructed the jury on the state's burden of proof and that the error reflected in the trial transcript—omission of the word "not"—occurred only in transcription. In any event, in light of the court's other instructions on reasonable doubt, no reasonable jury could have construed the court's erroneous statement literally, especially after looking at the correct phrasing in the written instructions. Thus, even if counsel was deficient for not objecting to the error, Hernandez failed to establish any prejudice.

Third, Hernandez's counsel did not perform deficiently by failing to challenge or impeach the testimonies of officers Feria and Iglesis. A review of the transcript does not reveal any inconsistencies in their statements about whether Iglesis was present during Hernandez's confession. Both Feria and Iglesis testified that Iglesis was present during the initial confession, at which Hernandez refused to sign the *Miranda* waiver form. Both Feria and Iglesis also indicated that Iglesis was not present during the second confession, which occurred after the

9

search for the victim's jewelry and car, and during which Hernandez actually signed the *Miranda* waiver form. Thus, Hernandez's counsel had no reason to challenge the officers' testimonies.

Finally, Hernandez failed to show any prejudice stemming from his counsel's failure to challenge the verdict form on Count 3. Hernandez argues that he suffered prejudice because the ambiguity in the verdict form precluded him from being convicted on carjacking's lesser-included offense, that is, robbery. *See Baynham v. State*, 862 So.2d 808, 808-10 (Fla. Dist. Ct. App. 2003) (holding that robbery is a lesser-included offense of carjacking). However, Hernandez himself expressly declined to instruct the jury on any lesser-included offenses. Thus, he cannot now complain that he was denied the opportunity to be convicted of robbery rather than carjacking on Count 3 of the information. *See Leverett v. Spears*, 877 F.2d 921, 924 (11th Cir. 1989) (holding that the doctrine of invited error precluded a habeas petitioner from challenging a jury instruction on a lesser-included offense, as the petitioner had requested the instruction in the trial court).

To the extent Hernandez argues that the inclusion of robbery on the verdict form prevented him from being acquitted on Count 3 (which charged carjacking), he again failed to show prejudice. The district court instructed the jury on the elements of carjacking with respect to Count 3, told the jury that the "verdict form

10

for Count Three is Carjacking," and provided the jury with the written instructions and the charging information. Thus, the jurors understood that they would have to acquit Hernandez on Count 3 if the evidence was insufficient to prove all the elements of carjacking beyond a reasonable doubt. *See Weeks*, 528 U.S. at 234, 120 S.Ct. at 733. Accordingly, Hernandez failed to show a reasonable likelihood of a different outcome but for counsel's failure to object to the verdict form. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Because Hernandez failed to establish all the elements of *Strickland* with respect to any of his claims, the state court did not unreasonably apply federal law and did not unreasonably determine the facts in denying his claims of ineffective assistance of counsel. *See* 28 U.S.C. § 2254(d); *Davis*, 506 F.3d at 1331. Accordingly, we affirm the district court's denial of his § 2254 petition.

**AFFIRMED.**