DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMIE GRANT,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D15-1590

[February 24, 2016]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia Cox, Judge; L.T. Case No. 2010CF1637A.

Jamie Grant, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for respondent.

WARNER, J.

Jamie Grant petitions for habeas corpus relief on the grounds of ineffective assistance of appellate counsel ("IAAC"). We grant his petition, concluding that counsel was ineffective in failing to raise on direct appeal the trial court's error in denying his request for a jury instruction on a necessarily lesser-included offense to the main charge. As this constitutes a per se reversible error on direct appeal and a new appeal would be redundant, we vacate his conviction and sentence and remand for a new trial.

Grant was convicted in the Nineteenth Judicial Circuit of attempted armed robbery while carrying a firearm and wearing a mask, and possession of a firearm with an altered serial number. On the attempted armed robbery count, he was sentenced to fifteen years in prison with a ten-year mandatory minimum because he was carrying a firearm. *See* § 775.087(2), Fla. Stat. (2010). On the possession of a firearm count, he received time served. On appeal, this Court affirmed the convictions, but reversed the mandatory minimum sentence and remanded for resentencing. *Grant v. State*, 138 So. 3d 1079, 1085-87 (Fla. 4th DCA

2014) (holding the jury's finding that Grant "carried a firearm" while committing the attempted robbery was insufficient to support the mandatory minimum on the basis of constructive possession).

Grant filed a petition for IAAC, contending that his appellate counsel was ineffective in failing to argue reversible error in the trial court's: (1) denial of his motion to suppress and (2) refusal to instruct the jury on the lesser-included offense of attempted armed robbery with a weapon, as requested by counsel. We reject the first ground without further discussion but grant relief on the second ground.

To demonstrate a claim of IAAC, petitioner must show that his appellate counsel's performance was not only deficient, but also that it so prejudiced the petitioner as to undermine confidence in the result of the appeal. *Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000).

The Florida Supreme Court held in *State v. Abreau*, 363 So. 2d 1063 (Fla. 1978), that a trial court's failure to instruct on the next immediate lesser-included offense, one step removed from the offense of conviction, constitutes per se reversible error. *Id.* at 1064. Therefore, the appellate court does not conduct a harmless error analysis, because to do so would engage in speculation as to the effect of properly instructing the jury on the ultimate verdict. *Id.* The court further explained in *Johnson v. State*, 53 So. 3d 1003 (Fla. 2010):

> Another circumstance in which this Court has held that an error is per se reversible because the reviewing court cannot conduct a harmless error analysis is when a jury is not instructed on a lesser-included offense one step removed from the charged offense. In such a situation, the reviewing court cannot determine the effect of the error on the jury because the court cannot know whether the jury would have convicted the defendant of the next lesser included offense if the jury had been given the option. As explained by this Court: "If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense." *Pena v. State*, 901 So. 2d 781, 787 (Fla. 2005) (citing *State v. Abreau*, 363 So. 2d 1063 (Fla. 1978)). To conduct a harmless error analysis in that situation would be to engage in pure speculation.

*Id.* at 1008. Thus, the failure to raise on appeal the denial of a properly preserved meritorious request for an instruction on a lesser-included

offense would constitute deficient performance which substantially undermines the appellate process, because, if correct, the matter would require reversal for a new trial.

"Necessarily lesser included offenses are those where 'the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence.'" *Miller v. State*, 870 So. 2d 15, 16-17 (Fla. 2d DCA 2003) (quoting *Brown v. State*, 206 So. 2d 377, 382 (Fla. 1968), *overruled in part on other grounds*, *In re Use by Trial Cts. of Standard Jury Instrs. in Criminal Cases*, 431 So. 2d 594 (Fla. 1981)). The Florida Supreme Court has held that robbery with a weapon is a necessarily lesser-included offense of robbery with a firearm. *See Growden v. State*, 372 So. 2d 930, 931 (Fla. 1979); *accord Thompson v. State*, 487 So. 2d 311, 313 (Fla. 5th DCA 1986).

Where a defendant is charged with attempting to commit a certain crime, a necessarily lesser-included offense of that crime is attempting to commit the necessarily lesser-included offense for the certain underlying crime. For instance, in *Miller*, the court held that attempted armed robbery was a necessarily lesser-included offense of attempted carjacking, as "every carjacking is also a robbery." 870 So. 2d at 17 (quoting *Fryer v. State*, 732 So. 2d 30, 32 (Fla. 5th DCA 1999)). Similarly, in *Fleming v. State*, 557 So. 2d 621 (Fla. 4th DCA 1990), this Court reversed a conviction for attempted second-degree murder and remanded where the trial court erroneously refused to instruct on the lesser-included offense of attempted manslaughter. *Id.* at 621-22.

Applying those principles to this case, we conclude that the court erred in failing to instruct on attempted armed robbery with a weapon. Grant was charged with attempted armed robbery with a firearm pursuant to section 812.13(2)(a), Florida Statutes (2010) (robbery with a firearm), and section 777.04, Florida Statutes (2010) (attempts).[1] Defense counsel requested that the court instruct the jury on several lesser-included charges, including attempted armed robbery with a weapon, but the trial court denied the request. Appellate counsel did not raise this properly preserved claim in the direct appeal. Armed robbery with a weapon is a lesser-included offense of armed robbery while carrying a firearm. *Growden*, 372 So. 2d at 931. Therefore, the *attempt* to commit armed

---

[1] The State also charged Grant with wearing a mask, which constitutes an enhancement to the charges. *See* § 775.0845, Fla. Stat. (2010). Instruction on this element is required for both the charged crime and any lesser-included offenses.

robbery with a weapon is a necessarily lesser-included offense of *attempted* armed robbery with a firearm, and the jury should have been instructed on the lesser-included offense. Had appellate counsel raised this on appeal, reversal would have been required. Thus, all elements of IAAC are present.

We reject the State's argument, relying on *Sanders v. State*, 946 So. 2d 953 (Fla. 2006), that this claim of IAAC cannot lie because it is founded on the jury's exercise of its "pardon power," which would present a matter of pure speculation, thereby precluding demonstration of the prejudice prong required for IAAC. The State confuses the standard for ineffective assistance at the trial level with ineffective assistance at the appellate level. In *Sanders*, the Florida Supreme Court recognized that the failure to instruct on the next included lesser offense is per se reversible error on appeal, but held that the possibility of a jury pardon could not constitute *Strickland*[2] prejudice in collateral proceedings. *Sanders*, 946 So. 2d at 960. IAAC claims require a finding of prejudice in the *appellate* proceedings—that confidence in the *appellate* proceeding is undermined by the serious error. As yet, the Florida Supreme Court has not held that a petition for IAAC is governed by a consideration of prejudice in the ultimate outcome of the criminal proceeding.

We are required to grant the petition for IAAC. Reversing for a new appellate proceeding is unnecessary, however, as the failure to instruct on the necessarily lesser-included offense constituted a per se reversible error. No review of the record or harmless error analysis is required; therefore, a second appeal on this issue would be unnecessary. In *Riley v. State*, 25 So. 3d 1 (Fla. 1st DCA 2008), *rev. dismissed*, 26 So. 3d 1288 (Fla. 2009), the court reversed for a new trial when it granted a petition for IAAC on the grounds that appellate counsel had failed to argue a per se reversible error of failing to instruct on a lesser-included offense. We follow the same course, as a new appeal would be redundant.

Accordingly, we grant the petition. We vacate Grant's conviction and sentence for attempted armed robbery with a firearm while wearing a mask, and remand for a new trial.

*Petition granted.*

MAY and LEVINE, JJ., concur.

\* \* \*

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

*Not final until disposition of timely filed motion for rehearing.*