PER CURIAM.
James, convicted of kidnapping with a firearm, aggravated assault with a firearm, and possession of a short-barreled shotgun, appeals, urging that aggravated assault with a firearm is a category IV lesser included offense of kidnapping with a firearm. We agree.
In Brown v. State, 206 So.2d 377 (Fla.1968), the Supreme Court defined four types of lesser included offenses. Category IV encompasses those which may or may not be included in the greater offense depending upon the allegations of the information and the proof at trial. To determine if an offense falls within category IV, one first looks at the information to determine if all essential elements of the lesser offense are charged. If these are present, the proof is then examined to see if it supports the allegations. Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978).
Here, Count I of the information charged that defendant:
[W]ithout lawful authority did then and there forcibly, secretly, or by threat, confine, abduct, or imprison another person, to wit: . . . , against [his] will, with the intent to inflict bodily harm upon or to terrorize the victim or any other person and while perpetrating or attempting to perpetrate the offense had in his possession a firearm or destructive device, to wit: a shotgun, .
This count charges all elements of aggravated assault: an intentional threat to do violence, the apparent ability to harm, and the use of a deadly weapon. The proof showed that appellant confined his victim by threatening him with a loaded shotgun. The allegations and the proof here combine to make aggravated assault with a firearm a lesser included offense of kidnapping with a firearm. Separate sentences are therefore precluded by § 775.021(4), Fla.Stat. (1977).
Accordingly, James’ sentence for aggravated assault with a firearm is vacated and the cause remanded for correction. The defendant need not be present for such correction.
ERVIN and SHAW, JJ., and MELVIN, WOODROW, M. (Retired), Associate Judge, concur.