On Motion for rehearing

PER CURIAM.
We grant the parties’ motions for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Appellant appeals his convictions and sentences for armed kidnapping and aggravated assault with a deadly weapon, claiming that they violate double jeopardy. We agree and reverse his conviction and sentence for aggravated assault with a deadly weapon.
A defendant’s double jeopardy rights are violated when he is convicted of two “[ojffenses which require identical elements of proof.” § 775.021(4)(b)l., Fla. Stat. In James v. State, 386 So.2d 890, 891 (Fla. 1st DCA 1980), the court found that a claim that the defendant kidnapped the victim while armed with the intent “to inflict bodily harm upon or to terrorize the victim” alleged the same elements of aggravated assault with a firearm. “The proof showed that appellant confined his victim by threatening him with a loaded shotgun.” Id. The court concluded that the aggravated assault conviction was barred by section 775.021(4)(b)l. because both charges rested on identical elements of proof for conviction.
As in James, the amended information alleged that appellant kidnapped the victim while armed with the intent to “inflict bodily harm upon or to terrorize the victim.” The proof showed that appellant confined and moved the victim by threatening her with a knife and creating within her a fear of violence. Thus, the conviction of both crimes required identical elements of proof, contrary to section 775.021(4)(b)l. Accordingly, we reverse and remand for the trial court to vacate appellant’s conviction for aggravated assault with a deadly weapon. We affirm appellant’s conviction and sentence for armed kidnapping, and we remand for re-sentencing under a revised scoresheet and for the trial court to correct the final judgment to reflect that the jury determined appellant was not masked at the time of the offense. Because we affirm appellant’s conviction for armed kidnapping, we need not address the state’s cross-appeal regarding suppression of appellant’s confession. Capehart v. State, 583 So.2d 1009, 1016 n. 9 (Fla.1991).

*1184
Affirmed in part, reversed in part, and remanded.

POLEN, GROSS and LEVINE, JJ., concur.