NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GARY B. MAYS,                           )
                                        )
            Appellant,                  )
                                        )
v.                                      )     Case No. 2D13-1273
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____     )

Opinion filed August 21, 2015.

Appeal from the Circuit Court for Sarasota
County; Donna Padar Berlin, Judge.

Howard L. Dimmig, II, Public Defender, and
Dane K. Chase, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.


A jury convicted Gary Mays of first-degree felony witness tampering and of

two third-degree felony counts of being a principal to perjury. We reverse the witness

tampering conviction because it violated double jeopardy.

One of the principal-to-perjury charges was based on Mays's procuring of witness L.B. to testify falsely in a deposition in another criminal proceeding. See §§ 777.011, 837.02(1), Fla. Stat. (2011). The tampering charge concerned Mays's offer of pecuniary gain to induce L.B. to testify untruthfully in that deposition. See § 914.22(1)(f), Fla. Stat. (2011). Mays argues that he could not properly be convicted of both charges based on the single incident.

Section 775.021(4), Florida Statutes (2011), expresses the Legislature's intention that a defendant be convicted and sentenced for each separate criminal offense committed in the course of a criminal episode. But the statute makes an exception in the event of "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." § 775.021(4)(b)(3). To determine whether an offense is subsumed, the elements of each crime must be examined, without regard to the charging document or the evidence presented at trial. Pizzo v. State, 945 So. 2d 1203, 1207 (Fla. 2006); see also Shelley v. State, 134 So. 3d 1138 (Fla. 2d DCA), approved, 40 Fla. L. Weekly S362, S364 (Fla. June 25, 2015).

The elements of principal to perjury are:

1. The defendant (Mays) had a conscious intent that the criminal act would be done; and

2. He did some act that was intended to aid, abet, counsel, hire, or otherwise procure a person (L.B.) to commit the crime of perjury; and

3. The person took an oath in an official proceeding; and

4. While under oath, she made a false statement that she did not believe to be true.

See §§ 777.011, 837.02(1).  The elements of tampering are:

> 1.  The defendant (Mays) knowingly used intimidation, force, or threats; or engaged in misleading conduct or offered pecuniary benefit to a person (L.B.).
>
> 2.  The defendant did so with intent to induce the person to testify untruthfully in an official investigation or an official proceeding.[1]

See § 914.22(1).

As can be seen, the principal-to-perjury crime contains all the elements of the tampering crime, and in addition it requires that the induced person actually make the false statement in the official proceeding.  Therefore, the elements of the latter were subsumed by the former, and Mays's conviction of both crimes based on the same incident violated double jeopardy.  See § 775.021(4)(b)(3).

The remedy is to vacate the conviction for the lesser offense.  Because the elements of the tampering crime are subsumed by the principal-to-perjury crime, the tampering crime is the lesser offense, regardless of which of them carries the greater penalty.  See Pizzo, 945 So. 2d at 1206; Tuttle v. State, 137 So. 3d 393 (Fla. 2d DCA), review granted, 147 So. 3d 527 (Fla. 2014).  Accordingly, we reverse and remand to the circuit court with directions to vacate Mays's conviction and sentence for tampering with

---

[1]Although Florida Standard Jury Instruction (Criminal) 21.10 requires the jurors to make a finding concerning the official investigation or proceeding, that finding is necessary only to determine the degree of the tampering charge.  As the lesser included offense portion of the instruction states:  "The degree of this crime depends on the severity of the underlying offense that is the subject of the tampering.  See § 914.22(2), Fla. Stat."  Cf. § 837.02(1), (2) (distinguishing degree of perjury crime based on degree of underlying crime).

-3-

a witness in violation of section 914.22.  This disposition moots Mays's other issue on appeal.

Reversed and remanded with directions.


SILBERMAN and MORRIS, JJ., Concur.