NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JESSE LEE SOLOMON, III,                    )
                                           )
           Appellant,              )
                                           )
v.                                         )          Case No.  2D15-341
                                           )
STATE OF FLORIDA,                          )
                                           )
           Appellee.               )
_____ )

Opinion filed December 16, 2016.

Appeal from the Circuit Court for Lee
County; Mark A. Steinbeck, Judge.

Howard L. Dimmig, II, Public Defender, and
Frank D.L. Winstead, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

A jury convicted Jesse Lee Solomon, III, of (1) kidnapping with the intent

to inflict bodily harm upon or to terrorize the victim or another person, § 787.01(1)(a)(3),

Fla. Stat. (2014); (2) aggravated battery with use of a deadly weapon, §

784.045(1)(a)(2), Fla. Stat. (2014); and (3) aggravated assault with use of a deadly

weapon, § 784.021(1)(a).  The trial court sentenced him to twenty years in prison for

count one, to run consecutively with fifteen years in prison for count two, and five years in prison for count three. Mr. Solomon now appeals his convictions and sentences. We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(A), (F). We affirm.

## Arguments and Standards of Review

Principally, Mr. Solomon argues that his convictions and sentences violate the double jeopardy protections of the federal and Florida Constitutions. See amend. V, U.S. const.; art. I, § 9, Fla. const. He concedes that he did not raise this issue in the trial court. He correctly notes, however, that a double jeopardy violation constitutes fundamental error that he can raise for the first time on appeal. See State v. Johnson, 483 So. 2d 420, 422-23 (Fla. 1986). We review de novo double jeopardy violations based on undisputed facts. Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006).

Mr. Solomon also seeks a new trial because the State allegedly failed to provide Williams rule[1] notice of uncharged collateral crimes. We review a Williams rule challenge for an abuse of discretion. Gray v. State, 873 So. 2d 374, 376 (Fla. 2d DCA 2004).

## Factual Background

Mr. Solomon kidnapped the victim, beat her with his gun, and threatened to kill her. Apparently, the victim was unemployed. Mr. Solomon supplied her with drugs. The victim failed to pay for the drugs. To coerce payment, Mr. Solomon kidnapped her from her boyfriend's hotel room in the middle of the night. Mr. Solomon held a gun to her head as they left the hotel. Later, Mr. Solomon took the victim to a pawn shop to pawn a stolen iPhone to pay her drug debt. Once inside, unaccompanied

---

[1]Williams v. State, 110 So. 2d 654 (Fla. 1959).

- 2 -

by Mr. Solomon, she told the clerk that she was being held hostage. The clerk called the police. Mr. Solomon fled the scene.

Upon Mr. Solomon's arrest, the State charged him with aggravated assault, aggravated battery, and kidnapping. Because Mr. Solomon used a firearm in connection with each charged offense, a ten-year minimum mandatory sentence was applied to the kidnapping and aggravated battery charges, pursuant to section 775.087(2), Florida Statutes (2013).

## Williams Rule Evidence

With respect to Mr. Solomon's Williams rule argument, we need not say much. Evidence that is inextricably intertwined with the charged offenses is not subject to the notice requirements of section 90.404(2)(c), Florida Statutes (2014). See Tripoli v. State, 50 So. 3d 776, 779-80 (Fla. 4th DCA 2010). Indeed, such evidence is admissible because it is relevant, inseparable, and offers a contextual setting for the offenses at issue. Hunter v. State, 660 So. 2d 244, 251 (Fla. 1995). Our review of the record demonstrates that the evidence challenged by Mr. Solomon was inextricably intertwined with the charged offenses. Thus, it was not subject to the Williams rule. We affirm on this issue.

## Double Jeopardy Claims

Mr. Solomon's double jeopardy argument is unavailing. He proceeds on two presuppositions. First, because he used a firearm in each of the charged offenses, he contends that each offense was reclassified to a higher degree of offense under section 775.087(1). Second, he maintains that the use of a firearm was an element of the kidnapping charge, thus subsuming one or both of the other offenses. Neither presupposition is correct.

- 3 -

The State reclassified none of the offenses to a higher degree. Because Mr. Solomon used a firearm throughout the fateful night to intimidate, terrorize, and beat the victim, the State could have reclassified the kidnapping charge to a life felony. See § 775.087(1)(a); Toro v. State, 691 So. 2d 576, 577 (Fla. 2d DCA 1997) (holding that kidnapping may be reclassified as a life felony if there is a specific finding by a jury that the defendant brandished a weapon). The State chose not to do so. The kidnapping offense remained a first-degree felony punishable by life. The jury found him guilty of that offense, and the trial court sentenced him to twenty years in prison. The possession or use of a firearm was not an element of the kidnapping offense. Rather, the use of the firearm subjected Mr. Solomon to a ten-year minimum mandatory sentence under section 775.087(2), which the trial court dutifully imposed. We also note that the aggravated battery and aggravated assault charges were not reclassified to higher degrees of offense. Indeed, because his use of the firearm was an element of these offenses, reclassification was not authorized. See § 775.087(1). Thus, to the extent that Mr. Solomon contends that a double jeopardy issue presented itself based on a reclassification of the offenses, he is wrong.

Mr. Solomon's argument that the kidnapping conviction subsumed the lesser offenses is also meritless. "To determine whether an offense is subsumed, the elements of each crime must be examined, without regard to the charging document or the evidence presented at trial." Mays v. State, 198 So. 3d 35, 36 (Fla. 2d DCA 2015). The legislature has told us the same. § 775.021(4)(a) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense . . . . For the purposes of this subsection, offenses

- 4 -

are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.").  The offenses for which the jury convicted Mr. Solomon do not violate this legislative mandate.

The elements of kidnapping, as relevant here, are as follows: "[1] forcibly, secretly, or by threat [2] confining, abducting, or imprisoning another person [3] against his or her will and without lawful authority [4] with intent to . . . [i]nflict bodily harm upon or to terrorize the victim or another person."  § 787.01(1)(a)(3).  Aggravated battery requires a person who in committing a battery "[1] intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or [2] [u]ses a deadly weapon."  § 784.045.  Aggravated assault is defined as an assault (1) "[w]ith a deadly weapon without intent to kill" or (2) "[w]ith an intent to commit a felony." § 784.021.

The State argues that the application of the <u>Blockburger</u> test[2] easily demonstrates that Mr. Solomon's convictions pose no double jeopardy concern. <u>Blockburger</u> instructs us that in deciding whether "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each provision requires proof of a fact which the other does not."  284 U.S. at 304 (citing <u>Gavieres v. United States</u>, 220 U.S. 338, 342 (1911)); <u>see also</u> § 775.021(4)(a) ("[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.").  Clearly, each of the offenses with which Mr. Solomon was charged requires elements that the others do not.  Both aggravated assault and aggravated battery require the use of a deadly weapon, but kidnapping does not.  Aggravated assault

---

[2]<u>Blockburger v. United States</u>, 284 U.S. 299 (1932).

requires an assault, while aggravated battery requires an unlawful touching.  See Casselman v. State, 761 So. 2d 482, 484 (Fla. 5th DCA 2000) ("The offenses of assault and battery are traditionally considered separate and different offenses because they proscribe different acts."); Virgil v. State, 894 So. 2d 1053 (Fla. 5th DCA 2005) (affirming convictions for aggravated battery and aggravated assault).

Mr. Solomon's reliance on Ortiz-Medina v. State, 126 So. 3d 1183 (Fla. 4th DCA 2012), and James v. State, 386 So. 2d 890 (Fla. 1st DCA 1980), does not advance his cause.  Ortiz-Medina involved a conviction for armed kidnapping and aggravated assault with a deadly weapon.  Ortiz-Medina relied solely on James which interpreted the 1977 version of section 775.021(4).  Both cases relied on the allegations as charged in the information.  That statute, however, has since been changed.  Ch. 83-156, § 1 at 556, Laws of Fla.  The statute now clearly states that the elements required to prove each of the offenses should not be determined by the accusatory pleading or proof adduced at trial.

James and Ortiz-Medina used the charges in the information and the proof adduced at trial to determine that the aggravated assault was a lesser included offense of kidnapping with a firearm.  See James, 386 So. 2d at 891 ("The proof showed that [the defendant] confined his victim by threatening him with a loaded shotgun.  The allegations and the proof here combine to make aggravated assault with a firearm a lesser included offense of kidnapping with a firearm."); see also Ortiz-Medina, 126 So. 3d at 1183 (holding that the defendant's conviction for armed kidnapping and aggravated assault with a deadly weapon violated double jeopardy and reversing his conviction for the lesser offense).  However, as stated above, Mr. Solomon was not convicted of kidnapping with a firearm.  He was convicted of kidnapping and his

sentence properly included a ten-year minimum mandatory sentence for use of a firearm.

## Conclusion

We affirm Mr. Solomon's convictions and sentences for kidnapping, aggravated battery, and aggravated assault.

Affirmed.


MORRIS and SALARIO, JJ., Concur.