DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORDAN B. PALMER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-72

[June 13, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 14-11451 CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The protection against double jeopardy is raised in this appeal from the defendant's conviction and sentence for grand theft auto and armed carjacking with a firearm.

The defendant argues the court erred in denying his motion for mistrial when the prosecutor made improper comments during closing. He also argues his convictions for grand theft auto and armed carjacking with a firearm violate his right against double jeopardy. We agree with him on the second issue and reverse on that issue only.

As the victim was leaving a convenience store, the defendant pushed her car door open, put a gun to her head, and told her to get out of the car. Another man came to the passenger side of her car and told her to open the door. When she opened the passenger door, the second man took her purse. The two men left in her car with the defendant driving.

Two days later, a detective located the car and surveilled it. Eventually,

three men entered the car.  When the officer followed, the car accelerated.  The detective turned on his lights and siren and drove in front of the car, causing the car to wreck.  The defendant was taken to the hospital, where he told the detective:  "You're lucky you came up on us fast or we would have been gone."

The State charged the defendant with (1) armed carjacking with a firearm and (2) grand theft auto.  The jury found the defendant guilty as charged, and found he had actual possession of a firearm during the carjacking.  The trial court sentenced the defendant to 25 years in prison with a 10-year minimum mandatory sentence, followed by five years of probation on the carjacking count.  The court sentenced the defendant to a concurrent five-year prison term on the grand theft auto count.

From his conviction and sentence, the defendant now appeals.  We affirm, without further comment, on the trial court's denial of the motion for mistrial.

In his second issue, the defendant argues that his convictions for carjacking and grand theft auto are barred by double jeopardy.  The State agrees that grand theft auto is a lesser included offense of carjacking.  And, although the information charged the defendant with committing each offense on different days, there was only one 'taking' of the car.  As such, the State agrees the carjacking offense subsumes the grand theft auto offense.

Double jeopardy issues involve purely legal determinations and are reviewed de novo.  *Benjamin v. State*, 77 So. 3d 781, 783 (Fla. 4th DCA 2011).

"A defendant's double jeopardy rights are violated when he is convicted of two 'offenses which require identical elements of proof.'"  *Ortiz-Medina v. State*, 126 So. 3d 1183, 1183 (Fla. 4th DCA 2012) (quoting § 775.021(4)(b)(1), Fla. Stat. (2016)).  "For double jeopardy purposes lesser included offenses are tantamount to the greater offense charged if all the constituent essential elements of such lesser offenses are included within the elements of such greater offense."  *Bell v. State*, 437 So. 2d 1057, 1058 (Fla. 1983).

The defendant relies on *Fryer v. State*, 732 So. 2d 30 (Fla. 5th DCA 1999).  There, the Fifth District held that grand theft of a motor vehicle is a lesser included offense of carjacking.  *Id.* at 33.  We have held similarly.  *See Keller v. State*, 846 So. 2d 631, 632 (Fla. 4th DCA 2003).

While the police found the defendant with the vehicle two days after the carjacking occurred, the defendant only took **one** vehicle on **one** occasion. His grand theft auto charge was a lesser included offense of his carjacking charge. Because these charges resulted from a single criminal act, convictions on both of them violate double jeopardy.

We therefore reverse and remand the defendant's conviction and sentence on the grand theft auto charge and remand the case to the trial court to vacate the conviction and sentence and to reconsider the sentence on the carjacking charge in light of this opinion. This does not preclude the trial court from leaving the sentence on count one as originally imposed.[1]

*Affirmed in part; reversed in part.*

CIKLIN and KUNTZ, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We note that this issue was not brought to the attention of the trial court at the time of sentencing. However, the argument can be raised for the first time on appeal as a double jeopardy violation amounts to fundamental error. *See Grant v. State*, 770 So. 2d 655, 657 n.4 (Fla. 2000).