DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS JAMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2152

[February 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case Nos. 15-010704CF10A, 15-010782CF10A and 15-013070CF10A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

In the hope of securing a youthful offender sentence, Marcus James entered pleas of no contest to crimes arising in three separate cases. The trial judge declined to impose youthful offender sentences. In this appeal, we reverse the conviction of one crime on double jeopardy grounds. Also, because the trial judge emphasized an improper factor in sentencing, we reverse the sentences and remand for resentencing before a different judge.

**The Crimes**

This appeal involves three cases as set forth below.

*Burglary of a Dwelling*

A residential burglary occurred in November 2013. In 2015, Marcus James was identified as the prime suspect based on a fingerprint match.

James was charged with burglary of a dwelling in violation of subsections 810.02(1) and (3), Florida Statutes (2015).

*Carjacking and Robbery*

In August 2015, a woman walking to her car was approached by a man who pointed a black semi-automatic handgun at her. The man said, "If you scream, I'll shoot you!" He then demanded her purse and keys, and forced her to the ground while he located her vehicle. The woman identified James from a photo array as the man who stole her purse, keys, and car. As a result of this incident, James was charged with armed carjacking in violation of subsections 812.133(1) and (2)(a), Florida Statutes and robbery with a firearm of the victim's purse and its contents in violation of subsections 812.13(1), (2)(a) and 775.087(2)(a)1.c., Florida Statutes.

*Grand Theft (Auto) and Aggravated Fleeing or Eluding*

The car stolen in the above carjacking was spotted by a license plate reader. The police followed the vehicle with lights and sirens activated, but the driver did not stop until he crashed. The driver and a passenger fled on foot. James was caught and identified as the driver of the stolen car. These allegations gave rise to charges of grand theft (auto) in violation of subsections 812.014(1)(a), (b) and (2)(c)6., Florida Statutes and aggravated fleeing or eluding in violation of subsection 316.1935(2), Florida Statutes.

**Defendant's Open No Contest Plea, Motion for Youthful Offender Sanctions, and Sentencing**

James was sixteen years old when he committed the burglary and had just turned eighteen when he was caught driving the stolen car. Three weeks before his twenty-first birthday, his attorney filed motions for youthful offender sanctions pursuant to Chapter 958, Florida Statutes. The motions stated that James "would benefit from the rehabilitative aspects of the sanctions permitted by the Florida Youthful Offender Act."

At the plea conference, James pled no contest to all of the pending charges. The judge advised him of the potential sentences for each charge.

In each case, defense counsel stipulated to the factual basis for purposes of the plea and waived the defendant's right to a presentence investigation. The judge accepted the defendant's no contest pleas and

deferred sentencing pending his decision on the motion for youthful offender sanctions.

The parties agreed that James qualified for youthful offender sanctions pursuant to Chapter 958. The defense attorney argued in support of his motion, pointing out that James was very young when the offenses occurred; that he had a good family support system (many family members were in the courtroom); and that while in custody he had earned his GED.

Defense counsel's primary argument was that James was innocent of the armed carjacking and robbery charges. He told the court that his client maintained his innocence; that the firearm was never recovered; and that the victim's identification was flawed because James did not match her description of the suspect (*i.e.*, he did not have dreadlocks). According to his attorney, James was entering a plea to those charges solely because he needed to be sentenced before his twenty-first birthday to qualify as a youthful offender.

The state opposed a youthful offender sentence. The state highlighted James's prior juvenile felonies and misdemeanors. The state noted that James was not taking responsibility for the crime even though the victim identified him just two days after the carjacking occurred. The state asked the court to deny the motion for youthful offender sanctions "considering how serious this case is."

The judge asked if the defendant had any other arguments in support of his motion, and defense counsel told the court that James was a juvenile and was terrified. He said, "There's issues concerning the armed robbery case but he is pleading."

From the bench, the court announced that it was denying the defendant's motion for youthful offender sanctions. In part, the court explained:

> First, as to [the armed carjacking and robbery case], it doesn't sound like Mr. James has taken any responsibility. He's plead[ed] to this case by virtue of this plea. He's admitted to having committed this crime. He has a history here. He cut off his monitor while he was on release. The court is going to deny the youthful offender sentence.

The court then adjudicated James and imposed these concurrent sentences:

| Case No. | Count | Sentence |
|---|---|---|
| 15-13070 | Burglary Unoccupied Dwelling | 15 years |
| 15-10782 | Carjacking (Armed) | 15 years |
| 15-10782 | Robbery (Firearm) | 15 years |
| 15-10704 | Grand Theft (Auto) | 114.3 months |
| 15-10704 | Aggravated Fleeing or Eluding | 114.3 months |

Someone in the courtroom said, "That's bullshit. That's bullshit. That's bullshit, brother." Defense counsel asked that the family's reaction be noted for the record, and the court responded to the attorney:

> Mr. Curry, you could have had a trial. You could have required the State to prove its case. Mr. James chose to plea. I accepted his plea knowingly, intelligently and voluntary. He took responsibility for his actions in terms of the plea, and then you stood here today as his attorney and represented on his behalf that he didn't do the crime to which he just pled. He didn't have to plea. No one forced him to plea, he acknowledged that.
>
> He's admitted to putting a gun in a woman's face, taking her purse and her car with a firearm. Okay. That's the Court's sentence. I'm sorry that the family is upset. Maybe if he was provided some services when he was 13 – 14 – 15 years old committing crimes, he wouldn't find himself in this position today. But apparently the fact that he was committing burglaries when he was 15, possessing drugs, stealing things, disturbing school functions wasn't enough to get him services as a juvenile and now we find ourself (sic) here today.
>
> So if there's any bullshit in this courtroom [it] is the bullshit of putting a gun in a woman's face and Mr. James will –

At that point, the judge was interrupted again by someone in the courtroom and he abruptly concluded the hearing.

### The conviction for grand theft auto must be vacated because it violated double jeopardy

As the state concedes, we must vacate the conviction for grand theft of the same vehicle that was involved in the carjacking.

"A defendant's double jeopardy rights are violated when he is convicted of two offenses which require identical elements of proof." *Ortiz–Medina v. State*, 126 So. 3d 1183, 1183 (Fla. 4th DCA 2012) (internal quotation marks and citation omitted). But, "the prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts." *Hayes v. State*, 803 So. 2d 695, 700 (Fla. 2001). "Although a guilty plea and adjudication of guilt generally preclude a later double jeopardy attack, an exception applies when, as in this case, there is a general or open plea, the double jeopardy is apparent from the face of the record, and there is nothing in the record to indicate a waiver of double jeopardy." *Bailey v. State*, 21 So. 3d 147, 149 (Fla. 5th DCA 2009).

"For double jeopardy purposes lesser included offenses are tantamount to the greater offense charged if all the constituent essential elements of such lesser offenses are included within the elements of such greater offense." *Bell v. State*, 437 So. 2d 1057, 1058 (Fla. 1983). Here, grand theft auto is a lesser included offense of carjacking because all of the essential elements of grand theft auto are also elements of carjacking. *Fryer v. State*, 732 So. 2d 30, 33 (Fla. 5th DCA 1999) (stating that "[e]ach of the statutory elements of grand theft auto are statutory elements of the offense of carjacking.").

Our recent opinion in *Palmer v. State*, 254 So. 3d 426 (Fla. 4th DCA 2018), is directly on point. There, the defendant carjacked a vehicle and was apprehended two days later driving the stolen car. He was convicted of grand theft auto and armed carjacking. *Id.* at 427. In *Palmer*, as here, the state conceded that grand theft auto was a lesser included offense of carjacking, and that the carjacking offense subsumed the later grand theft auto offense. *Id.* We accepted the state's concession of error, holding:

> While the police found the defendant with the vehicle two days after the carjacking occurred, the defendant only took **one** vehicle on **one** occasion. His grand theft auto charge was a lesser included offense of his carjacking charge. Because these charges resulted from a single criminal act, convictions on both of them violate double jeopardy.

*Id.* at 427–28.

As in *Palmer*, this case involves one vehicle taken on one occasion. The charges resulted from a single criminal act and all of the elements of grand theft auto are included in the crime of carjacking. As a result, convictions

for both grand theft auto and carjacking violated the defendant's right to be free from double jeopardy.

"When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater." *Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006). We therefore reverse the conviction for grand theft auto and affirm the conviction for carjacking.[1]

## The trial court erred by penalizing appellant at sentencing for maintaining his innocence of the carjacking charges

As the state concedes, the trial court erred by penalizing James at sentencing for maintaining his innocence of the carjacking charge.

Here, in entering his plea, James explained why he was entering his plea of no contest, even though he maintained his innocence of the carjacking charge. "While a sentencing court has wide discretion as to the factors it may consider in imposing a sentence, it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt." *Ritter v. State*, 885 So. 2d 413, 414 (Fla. 1st DCA 2004); *see Aliyev v. State*, 835 So. 2d 1232, 1234 (Fla. 4th DCA 2003).[2] "[R]e-sentencing is required even if a defendant's refusal to admit guilt was but one of several factors considered by the court in imposing sentence." *Johnson v. State*, 948 So. 2d 1014, 1017 (Fla. 3d DCA 2007).

We reverse the sentences imposed in this case and remand the case (1) to vacate the grand theft conviction and dismiss the charge and (2) for resentencing before a different judge. *See Whitmore v. State*, 27 So. 3d 168, 172 (Fla. 4th DCA 2010). James is also entitled to a corrected scoresheet reflecting our reversal of the grand theft auto conviction. *See Fernandez v. State*, 199 So. 3d 500, 502 (Fla. 2d DCA 2016).

[1] We reject James's argument that his convictions for armed carjacking and robbery violated double jeopardy. *See Cruller v. State*, 808 So. 2d 201, 202 (Fla. 2002); *Jacobs v. State*, 162 So. 3d 29, 31 (Fla. 4th DCA 2014).

[2] Recognized exceptions to the general rule do not apply here. *See* § 921.0026(2)(j), Fla. Stat. (2017) (which allows a sentencing court to grant a downward departure when, among other things, "the defendant has shown remorse"); *Rankin v. State*, 174 So. 3d 1092, 1097 (Fla. 4th DCA 2015); *Corbitt v. State*, 220 So. 3d 446, 450 (Fla. 5th DCA 2016) (providing that a lack of remorse may be considered at sentencing where a defendant "freely and voluntarily enters a plea and admits his involvement in the crimes or presents testimony regarding his involvement in the crimes during trial.").

*Affirmed in part, reversed in part, and remanded for resentencing.*

MAY and DAMOORGIAN, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**