DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORDAN B. PALMER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D23-775

[August 9, 2023]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. 14-011451 CF10A.

Jordan B. Palmer, Malone, pro se.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON CONFESSION OF ERROR**

PER CURIAM.

Jordan Palmer appeals the denial of a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. He correctly argues that he was entitled to de novo resentencing on count I after his conviction and sentence on count II were vacated on direct appeal.

This court's remand instruction in the direct appeal may have caused some confusion by stating the trial court was not precluded "from leaving the sentence on count one as originally imposed." *Palmer v. State*, 254 So. 3d 426, 428 (Fla. 4th DCA 2018). We did not mean to suggest that resentencing was not required.

Generally, when a conviction is vacated, de novo resentencing with a new scoresheet is required for the remaining counts. The failure to hold de novo resentencing can be raised in a rule 3.800(a) motion. *Pirie v. State*, 286 So. 3d 921 (Fla. 5th DCA 2019).

On appeal, the state agrees that *Pirie* is on point and Palmer is entitled to resentencing with a new scoresheet. At the resentencing hearing, the court has discretion to reimpose the original sentence on count I.

*Reversed and remanded.*

WARNER, DAMOORGIAN and CIKLIN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***